## B. F. GOODRICH CO. v. KENILWORTH MFG. CO., Inc.

### Patent Appeal No. 2211.

Court of Customs and Patent Appeals.
April 29, 1930.

Rehearing Denied May 28, 1930.

BLAND, Associate Judge, dissenting.

Eakin & Avery, of Akron, Ohio (Willard D. Eakin, of Akron, Ohio, of counsel), for appellant.

Louis Alexander, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

In this case appellee (applicant) sought registration under the Federal Trade-Mark Act of the compound word "Zip-Over," having imposed upon it in an elongated rectangle the word "Kenilworth," for use "for sweaters and sweat shirts."

Appellant (opposer) filed opposition, alleging ownership of the mark "Zipper" for use on "boots and overshoes of rubber and fabric."

The Examiner of Interferences dismissed the opposition, and, his decision being affirmed by the Commissioner of Patents, appeal was taken, which brings the matter before us.

The case was heard by us in connection with cases 2209, 40 F.(2d) 121, and 2210, 40 F.(2d) 124, between the same parties, and all three are being decided contemporaneously.

In view of the court's decision in Goodrich Company v. Hockmeyer, 40 F.(2d) 99, recently decided, the instant case is not altogether on all fours with cases 2209 and 2210, supra, because "Zip-Over" standing alone has a significance not possessed by either "Zip-Knick" or "Zip-Midy," but is more nearly in the class of the word "Zip-On," which is refused registration by us in the Hockmeyer proceedings. However, as we pointed out in the beginning, appellee is not proposing to register the plain words "Zip-Over," as was proposed with "Zip-On," but has imposed upon them in a panel the word "Kenilworth." This word is so superimposed upon the compound word, or hyphenated phrase, "Zip-Over," that it becomes really the dominant feature of the mark, as printed. It seems to us that in this form there is no likelihood of confusion being caused in the mind of the public, or purchasers being deceived. We therefore hold that appellee is entitled to the registration sought, and the decision of the Commissioner is affirmed.

BLAND, Associate Judge (dissenting).

In this case the same parties are involved as were involved in suit 2209, 40 F.(2d) 121, and in that instance appellee was granted the right of registration of the term "Zip-Knick," with and without the superimposed parallelogram containing the word "Kenilworth." Here the same party was granted the right to register the term "Zip-Over" with the same superimposed word. For the reasons set out in my dissent in suit No. 2209, I believe that the use of the term "Zip-Over" is more objectionable than the term "Zip-Knick," and registration should be denied. Registration for "Zip-On" was refused by this court in B. F. Goodrich Co. v. Clive E. Hockmeyer (Zip-On Mfg. Co., substituted), 40 F.(2d) 99, decided April 14, 1930.

In another case before us, and decided concurrently herewith, suit No. 2210, 40 F.(2d) 124, the same appellee was granted registration for the term "Zip-Midy." The question necessarily arises as to whether, if appellee was entitled to register any form of the word "Zip," how many forms is it entitled to.

The decision of the Commissioner should be reversed.